

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
XX~~WILL~~X~~WILSON~~
ATTORNEY GENERAL

Honorable O. P. Lockhart, Chairman
Board of Insurance Commissioners
Austin, Texas

Dear Sir:                          Opinion No. O-4258
                                   Re:  Written transfer and recording
                                        of vendor's lien notes deposit-
                                        ed with the Board of Insurance
                                        Commissioners or the State
                                        Treasurer as securities by
                                        certain corporations.

        We have your letter of recent date requesting the
opinion of this Department, as follows:

        "In Articles 1302a, Secs. 2, 6; 4739;
        4740; 4741; 4743; 4777; 4859f, Sec. 7;
        4875a-5 (5); 4925; 4969; 4983; 4993; 5017e;
        5022a; 5023a (5); 5025; 5029; and 5068-1,
        Sec. 6, R. C. S. of 1925 as amended, various
        provisions are made for the deposit by in-
        surance companies of securities either with
        the State Treasurer, or with this Board, or
        subject to the joint control of the State
        Treasurer and this Board, or in the joint
        control of attorneys-in-fact for Lloyds and
        Reciprocals and custodians designated by
        this Board or the Chairman thereof.  Under
        the statutes it is permissible in come cir-
        cumstances for these deposited securities
        to consist of notes and other types of ob-
        ligations secured by liens upon real estate,
        and in most or all instances the discretion
        is vested in this Board to approve such se-
        curities as sufficient for the purposes
        designated.

            "* * *

> "We desire your opinion upon whether we or
> the State Treasurer, as the case may be, are by
> law required or authorized to insist upon the
> execution and recording of legally sufficient
> formal transfers of the obligations and liens
> to the appropriate depository officer and to
> formally release or retransfer the same upon
> their lawful withdrawal, or whether it is suf-
> ficient that more manual possession of the se-
> curities and their supporting papers be deliver-
> ed to the depository officer, thus constituting
> in effect only a 'pledge'.
> "* * *."

Under the various statutes cited by you, the Legisla-
ture has provided that the corporations, foreign and domestic
named, must, in order to transact business, execute bonds or
give securities to insure the carrying out of the contracts
they make with the citizens of Texas.

Such statutes provide that in lieu of bonds or cash,
or other named securities, the various corporations may deposit
vender's lien notes, or notes or debentures secured by first
mortgages or deeds of trust, on land of the appraised value
named in the statute.

In Moran v. Wheeler, 27 S. W. 54, 87 Tex. 179, the
Supreme Court again reviewed the question and cited with ap-
proval the case of Henderson v. Pilgrim. In the case of Moran
v. Wheeler it appears that Moran purchased a vender's lien note
against a section of land without taking a written transfer of
the lien and having same recorded. The party who gave the ven-
dor's lien note obtained a release of the note, and placed same
on record, and then mortgaged the land to the mortgage company.
The Supreme Court, in holding that the mortgage company had a
superior lien to the holder of the vender's lien note, used this
language:

> "The case of Henderson v. Pilgrim, 22 Tex.,
> 464, settles the law in this state that assign-
> ments of mortgages must be recorded in order to
> affect subsequent purchasers without notice for
> a valuable consideration. * * *

> "In Henderson v. Pilgrim the court said:

"'We are of opinion that assignment of a mortgage is a lien affecting the title to land; * * * written contract in relation to land; * * * an agreement; * * * an instrument of writing of and concerning land', within the meaning of our registry laws, such as ought to be recorded, to make it effectual against subsequent purchasers for a valuable consideration, without notice. 'If an assignment of a mortgage, because it conveys a lien upon land, is required to be recorded, how can it be said that an assignment of a vendor's lien note, which conveys the same character of lien, should not be?' * * *

"It is the policy of the law to require that all matters affecting the title to lands should be placed upon public records so that one who seeks to purchase it may faithfully judge the validity of the title."

In Wood v. Sparks, 59 S. W. (2) 361, the Supreme Court of Texas again wrote on the question, and reviewed the cases of Henderson v. Pilgrim, 22 Tex. 464, and Moran v. Wheeler, 87 Tex. 179, and followed those decisions.

In the Wood v. Sparks case it appears that Sparks executed a mechanic's lien note and made same payable to the Davis Lumber Co. The Davis Lumber Company made a written assignment of the mechanic's lien, but instead of delivering the original note, delivered a forged note to Wood, and the transfer was properly filed and recorded. The question arose as to who had the superior title--Mr. Wood, who obtained a forged note but obtained the written assignment of this mechanic's lien, or the holder of the original note. The Supreme Court held that by virtue of the written assignment Wood obtained the superior lien on the property, although he did not have the original note. In so holding the court used this language:

"(6) When we apply the above rule of law to the facts of the case at bar, there is no escape from the conclusion that Wood's title to the lien in question is superior to the title here asserted by Hubby. It is evident that the instruments including the lien contract proper and the instrument designated as a 'promissory note' created and evidenced nothing but a bare lien against the real property therein included. These facts clearly appear upon the face of both instru-

ments. There was no personal obligation created at all. It follows that the Davis Lumber Company had nothing to convey to either Wood or Hubby but a bare lien or claim in rem against the land. At the time Hubby purchased this lien he had full record notice that it had already been transferred and conveyed to Wood. In other words he had full record notice that the Davis Lumber Company had already conveyed away the only thing they ever had to transfer. An examination of the record would have fully apprised him of all these facts. If the lien had been released at the time Hubby purchased it under the circumstances he did, there could be no question but that he would have been charged with notice of such release. We can see no reason why the same rule would not apply to a conveyance of the lien that applies to its release."

Under the authorities above cited, it is our opinion that before the State Treasurer or the Board of Insurance Commissioners can accept vendor's lien or mortgage lien notes as securities, it is necessary to have the lien securing same transferred in writing, and same must be recorded in the county where the land is located.

To hold otherwise would nullify the requirement of the Legislature that the lien notes must be secured by real estate in most instances of at least double the value of the notes. As was said in the Henderson v. Pilgrim case supra, a transfer of the note carries with it an equitable assignment of the lien, but it does not carry with it a legal assignment.

You are therefore advised that where the statute requires the Treasurer to hold the vendor's lien or mortgage lien notes, it is his duty to require a written transfer of the lien securing said notes, duly recorded, and then hold said notes with the transfer so recorded in his possession, under the terms of the statute.

If the statute requires the Board of Insurance Commissioners to retain custody of said notes, then it is the duty of said Board to require a written transfer of the lien securing same duly recorded.

The transfer should be made in trust to the party holding the note, being either the State Treasurer or the Board of Insurance Commissioners, and when the notes are paid, or the depositor decides to take same down, the trustee can either release or retransfer the notes. Practically all of said statutes referred to by you require the Board of Insurance Commissioners to pass upon the security, and in most instances the statute requires the value of the land to be appraised at at least double the amount of the vender's lien or mortgage lien note being deposited as security. In order to be certain that the notes are a first lien on the land, it will, of course, be necessary for the Board of Insurance Commissioners to require an abstract to be furnished by the depositor. The Abstract when examined should also be held by the department holding the notes until same have been paid or redeemed.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By          Geo. W. Barcus
                    Assistant

GWB-MR/pam

APPROVED APR 24 1942
GROVER SELLERS
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED OPINION COMMITTEE
BY BWB, CHAIRMAN