A. D. ROGERS v. OTHO S. HOUSTON ET AL.

No. 980. Decided February 25, 1901.

**1. Lien—Foreclosure—Parties—Registration.**

The holder foreclosing a vendor's lien and making the payee of a note secured by a junior lien defendant, was not required to go beyond the records to ascertain whether such payee had assigned the note, nor bound, in the absence of such knowledge and of a record of the transfer, to make the assignee a party. (Pp. 404-406.)

**2. Same.**

The assignee of a junior lien by a transfer not of record is not entitled to redeem from the foreclosure sale except on proof that plaintiff in foreclosure had notice or knowledge of the transfer, though he was not a party to the foreclosure proceedings. (P. 406.)

CERTIFICATE of DISSENT from the Court of Civil Appeals for the Second District, in an appeal from Erath County.

*Martin & George* and *Bullock & Burham,* for appellant.—The plaintiff claims an equitable lien, and the burden is on him to show that appellant A. D. Rogers had notice of plaintiff's lien, and had notice that plaintiff was the owner and holder of the note sued upon by plaintiff.

Defendant Rogers was only charged with notice of the conveyances of title under which he claimed. He was not charged with notice of the registration of the deed from G. W. Brown to W. T. Davis, and it devolved upon plaintiff to prove that said defendant had actual notice of said deed.

The court erred in his conclusion of law finding that whatever title the defendant Rogers has is subject to the right of plaintiff Otho S. Houston and Lee Young, defendant and guarantor of the note, to redeem the same by paying the amount which he, defendant, had paid for the land with the same rate of interest as the judgment bore, 10 per cent. Because the proof showed that the defendant Rogers claimed said land under a deed made him by the sheriff of Wise County under a judgment and order of sale issued out of the District Court of Wise County foreclosing a senior lien upon said land, and the defendants Brown and Davis were parties defendant to said judgment, and defendant Rogers had no notice at the time of said sale and purchase by him of said land, the plaintiff or Lee Young or anyone else had a junior lien upon said land.

The proof in this case shows that plaintiff Houston had a junior lien to the lien of defendant Rogers. It was not shown that Rogers had any notice of the transfer of the note by G. W. Brown to Lee Young or plaintiff. We contend that the burden is on the plaintiff to prove that defendant Rogers had actual notice of the transfer of said note. We contend further that defendant is only chargeable with notice of the registration of the deeds under which he claims title.

*A. P. Young,* for appellees.—The court did not err in his fifth conclusion of fact in finding that A. D. Rogers was not a purchaser in good

faith, without notice of the claim of the appellee, because it was neces-
sary for the court to find on this issue, and it was the duty of appellant
to prove that he was a purchaser in good faith, and not of the appellee
to prove the negative fact that appellant was not a purchaser in good
faith.

Rogers held a vendor's lien, and knew that the title came to Brown
from Dailey, and the record of the deed from Brown to Davis and
Davis' claim and occupancy of the land gave appellant notice of his
deed, in which appellee's lien was recited.

In this case the record shows that appellant bought a tract of land
in Wise County, Texas, for the sum of $107, which was worth much
more than that price; that he bought it under a vendor's lien which had
been foreclosed in the District Court of Wise County, Texas, in a suit
in which a junior lienholder had not been joined, and that the junior
lienholder had no notice of the suit or sale, and under the law we in-
sist that the appellant took the title subject to the right of the junior
lienholder to redeem.

Under the facts in this case there could be no more awarded to the
appellant than the amount which he paid with the interest and costs
of the suit in the Wise County suit. Limberg v. Finks, 7 Texas Civ.
App., 391; Evans v. Borchard, 8 Texas Civ. App., 276; Ballard v. Car-
michael, 83 Texas, 362.

In order that a judgment shall bind any person on any issue it is
necessary that the person shall be a party to the suit, and also that the
particular question shall be put in issue. Authorities as above. Also
Teal v. Terrell, 48 Texas, 507; James v. James, 81 Texas, 381.

BROWN, Associate Justice.—The certificate of dissent in this case
was submitted upon the following conclusions of fact:

"On November 17, 1895, L. B. Dailey conveyed to G. W. Brown forty
acres of land in Wise County, reserving the vendor's lien to secure the
payment of a purchase money note for $67.20. In December following
Brown conveyed the land to W. T. Davis, who assumed the payment
of the note above mentioned and in addition gave his own note to
Brown for $180 as the consideration of the purchase, the deed so re-
citing the consideration and reserving the lien. The note given by
Brown to Dailey was assigned to William Armstrong, who brought suit
upon it, and also upon the promise to pay it made in the second deed
against Davis and Brown, seeking also a foreclosure of the lien. When
this suit was brought, the note given by Davis to Brown, which was
negotiable, had been assigned to appellee Young, who had also assigned
it to appellee Houston, but neither Houston nor Young was made a
party to the suit, nor did either of them have any notice thereof until
after the judgment was rendered foreclosing the lien and the land sold
to appellant Rogers. This suit was consequently instituted by Houston,
as the holder of the note for $180, against Rogers, Davis, Brown, and
Young, in which he sought to recover a judgment against Davis as
maker and Young as indorser, with foreclosure of his lien on the land,

but offering, so far as Rogers was concerned, to redeem and to do equity. He prevailed in the suit, but because Rogers was required to submit to the right of redemption interposed by Houston and Young, he has appealed from the judgment.

"It does not appear from the court's findings or the evidence that the land was of sufficient value to more than pay the two debts, and no objection is made to the particular terms or form of the decree providing for the redemption.

"The deeds from Dailey to Brown and from Brown to Davis were both recorded on the same day, the 10th day of December, 1895; but no transfer of the lien created by the second deed, although one was made by Brown to Young, was ever recorded, and the transcript fails to show whether or not Armstrong or Rogers had actual notice of the rights of Young and Houston before the purchase by Rogers at the foreclosure sale. However, neither in the decree of foreclosure nor in the petition upon which it was rendered was any mention made of the note for the $180 then held by Houston, or the lien securing the same, as shown in the deed to Davis. Brown was not proceeded against in that suit as the holder of this note, but only as maker of the original note and vendee in the original purchase."

The question certified is, did the burden rest upon Rogers to prove that he did not have actual knowledge that Brown had transferred the $180 note which was given to him by Davis and which was described in the deed from Brown to Davis? The records showed that Brown had conveyed the land in question to Davis, taking the note and reserving a lien for the purchase money, and that Brown, who was the maker of the note on which the foreclosure suit was brought, was a party defendant in that suit and judgment was rendered against him at the same time that the foreclosure was had upon the land. Brown made no defense nor set up any claim to a subsequent lien upon the land. Looking alone to the record, Rogers was justified in concluding that the note, which was past due, had been paid, or that Brown did not desire to assert his subsequent lien upon the land. If Brown had in fact owned the note at the time the judgment was rendered foreclosing the lien of Armstrong upon the land, that judgment would have barred any right of redemption that Brown had, and the sale under it would be conclusive of all of his rights.

This reduces the question to the proposition that Rogers was required to go beyond the record and ascertain whether Brown had transferred the note before the suit of foreclosure was instituted. This is practically the contention of the appellee in this case, supported by the opinion of the majority of the Court of Civil Appeals. In the case of Moran v. Wheeler, 87 Texas, 179, very much the same question was presented, and this court held in effect that the subsequent mortgagee, who virtually occupied the same position that Rogers does, had the right to rely upon the record and was not required to inquire into the existence of a transfer not known to him by which the lien upon the land had been passed to another who had neglected to care for his own

rights by placing his transfer upon the records. Reel v. Wilson, 64 Iowa, 13; Leonard v. Bay Co., 28 N. J. Eq., 192; Woods v. Love, 27 Mich., 308; Aldrich v. Stephens, 49 Cal., 676; Kipp v. Brandt, 49 How. Prac. (N. Y.), 358.

In the case of Reel v. Wilson, suit was brought to redeem a tract of land upon which a prior mortgage had been foreclosed upon the ground that the plaintiff had not been made a party to the foreclosure suit. The facts were that the junior mortgage which the plaintiff asserted had been assigned to him by the mortgagee therein, but the assignment was not placed of record, and the plaintiff in the foreclosure suit, acting upon the title as it was shown by the record, made the mortgagee in the junior mortgage a party defendant. It was asserted in that case as in this that the records showed that the mortgage existed and that it was the duty of the plaintiff in the foreclosure suit to ascertain to whom that debt and mortgage then belonged. The court said: "Under this state of facts, we think that the decree in Benedict's foreclosure left plaintiff no right of redemption, except such as was conferred upon him by statute. To hold otherwise would have required Benedict to go beyond the records and out into the world in search of the owners of the notes secured by the Perry mortgage, and, after having found them, to make them parties defendant. Such a holding would not comport with the object and purposes of the statute providing for the record of instruments affecting real estate. If Reel had caused an assignment of the mortgage to be made of record, it would have been notice to the world of his rights, and because of this provision of the law, Benedict was not required to search beyond the record for incumbrances." This extract clearly and accurately states the law applicable to this case. Rogers had the right to rely upon the record and was not required to institute search for the note which appeared to belong to a party to the judgment under which he bought. By his purchase Rogers acquired the legal title to the land, and before plaintiff could assert his equitable right to redeem, he must show that Rogers had notice of the right or that he knew such facts as would put him upon inquiry. Barnes v. Jamison, 24 Texas, 362; Baldwin v. Root, 90 Texas, 552.

To the question certified we answer, Rogers was not required to prove that he had no notice of plaintiff's claim.