McKINLEY et al. v. DAVIDSON.

(Court of Civil Appeals of Texas. Amarillo. March 2, 1912. Rehearing Denied March 29, 1912.)

1. INDEMNITY (§ 9*) — CONSTRUCTION — EXTENT OF LIABILITY.

Where grantor of land delivers to his grantee a note to indemnify him against liability on certain vendors' lien notes, and it is not intended that such note shall represent liquidated damages, if the grantee is subsequently compelled to pay the vendors' lien notes, he can recover .from the grantor only the amount he was compelled to pay, and not the face of the indemnity note.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. §§ 16, 17; Dec. Dig. § 9.*]

2. JUDGMENT (§ 255*)—EVIDENCE TO SUSTAIN —RECOVERY AGAINST SURETY.

Where a defendant pleads that he was a surety on the contract sued on, and there is no conflict in the evidence on this issue, a recovery against him should be only as surety and not as principal debtor.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 445; Dec. Dig. § 255.*]

3. INDEMNITY (§ 12*)—LIABILITY.

Where a transfer of a vendor's lien note was not recorded when a release of the land from the lien of the note executed by the transferror was placed on record by the owner of the land, who had no knowledge of such transfer, the transferee cannot subsequently foreclose the lien as against such owner, and if the owner permits a foreclosure and pays the judgment, he cannot recover over against a person indemnifying him against liability on such note.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. § 27; Dec. Dig. § 12.*]

Appeal from Deaf Smith County Court; C. D. Wright, Judge.

Action by George L. Davidson against H. B. McKinley and another. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

W. H. Russel, of Hereford, for appellants. Barcus & North, of Hereford, for appellee.

GRAHAM, C. J. This suit was tried in the county court of Deaf Smith county, on pleadings in substance as follows: Appellee, George L. Davidson, as plaintiff below, alleged the execution and delivery to him on April 3, 1908, by appellants, H. B. McKinley and J. D. Thompson, defendants below, of a promissory note of that date for the sum of $750, due on its face August 26, 1909, and prayed a recovery of the amount due on the note, including principal, interest, and attorney's fees. Allegation is then made that on April 3, 1908, H. B. McKinley, by warranty deed, conveyed to plaintiff certain lands in Deaf Smith ·county, the purchase price for which plaintiff at that time wholly paid; but allegation .is made that at that time there was outstanding and unpaid a vendor's lien note for the sum of $750, secured by a lien on said' land which H. B. McKinley had executed and delivered to W. B. Hawkins as a part of the purchase price of the land when McKinley purchased same from Hawkins; that said note bore date August 26, 1907, and matured on its face two years after its date and to indemnify and hold Davidson harmless as to said outstanding vendor's lien note,. and to insure the lands being properly released from the vendor's lien securing payment thereof, the note sued on in this case was executed and delivered. Allegation is then made that McKinley had failed to pay or cause to be paid said vendor's lien note or to procure a release of the lien securing same, and that suit had been brought thereon and judgment rendered in the district court of Deaf Smith county in the sum of $886.10, with interest thereon at 8 per cent. from May 16, 1911, including a foreclosure of the vendor's lien on the land for payment of said judgment, and that to save his land plaintiff has been compelled to pay off and satisfy said judgment. Prayer is then made for judgment against McKinley and Thompson on the $750. note, executed ·by them, with 10 per cent. interest from August 26, 1909, and 10 per cent. attorney's fees as provided in said note. Appellants answered by general demurrer, a special exception, in effect that the pleadings of plaintiff showed a former judgment against McKinley in the foreclosure proceeding on the same cause of action sued on herein, a general denial, and special plea, to the effect that the defendant Thompson, and with the knowledge of plaintiff, had signed as a surety the note sued on and that he be so considered in this proceeding. Allegation is then made of the circumstances under and the purposes for which the note sued on was executed in substance as alleged by plaintiff in his petition. Allegation is then made that H. B. McKinley did on or about October 18, 1910, procure to be properly executed a valid and binding release deed, releasing said lands from the vendor's lien securing payment of the $750 vendor's lien note executed by McKinley to Hawkins, and caused same to be properly recorded in the proper county and delivered to plaintiff, who accepted same and delivered to McKinley the note sued on herein, but that thereafter plaintiff surreptitiously and by fraud, . and without the consent of either of the defendants, procured possession of said note and sued thereon. Prayer is then made for cancellation of the note sued on and that plaintiff take nothing by his suit.

On the trial below the following evidence

and none other was introduced: Appellee introduced in evidence the note sued on; a warranty deed, dated August 26, 1907, from Hawkins to McKinley, conveying the land in controversy and reserving on its face a lien securing payment of a note for $750, dated August 26, 1907, and maturing two years after its date, payable to Hawkins and executed by McKinley; a general warranty deed from McKinley to Davidson, conveying the lands in controversy, acknowledging on its face full payment of purchase price; a judgment recovered in the district court of Deaf Smith county on May 16, 1911, for the sum of $866.25, in favor of the First State Bank & Trust Company, against H. B. McKinley, and foreclosing a vendor's lien against the land in controversy as against Davidson, the judgment showing on its face that it was rendered on the vendor's lien note executed by McKinley and payable to Hawkins of date August 26, 1907, and maturing two years after its date, and also showing that no recovery was had as against Hawkins, though he was a party to said suit. Plaintiff below then testified at length as follows: The plaintiff, after being duly sworn, testified that he had purchased the land above described from the said H. B. McKinley, that two vendor's lien notes were outstanding against the land, executed by H. B. McKinley, and payable to 'D. W. Hawkins for the sum of $750 each, as shown in deed from Hawkins to McKinley above described; that he, plaintiff, G. L. Davidson, paid the full consideration to the said H. B. McKinley and did not assume nor agree to pay any part of the said two vendor's lien notes; that to indemnify plaintiff against any loss by reason of said notes the defendant H. B. McKinley executed his two promissory notes payable to plaintiff in like amounts and due dates as the two vendor's lien notes aforesaid, and the defendant McKinley secured the signature of the defendant J. D. Thompson to said notes as surety. Plaintiff further testified that the notes sued on had never been paid to him by any person, and that he had paid the judgment of the First State Bank & Trust Company (described above). Upon cross-examination, plaintiff, G. L. Davidson, testified that the first vendor's lien note on the land he had purchased had been duly paid off and discharged and delivered to him, whereupon he delivered the first indemnity note signed by H. B. McKinley and J. D. Thompson to the said H. B. McKinley; that some time after the second vendor's lien note executed by McKinley to Hawkins was due, he (plaintiff) spoke to defendant H. B. McKinley about obtaining a release for said vendor's lien notes; that some time thereafter defendant H. B. McKinley informed plaintiff that he (McKinley) had obtained said release with the county clerk of Deaf Smith county, Tex.; that shortly thereafter he (plaintiff) called on the clerk for such re-

146 S.W.—37

lease, which after having been duly recorded was handed to him (plaintiff) by the county clerk; that after plaintiff had received said release he (plaintiff) delivered to defendant H. B. McKinley the last and only remaining indemnity note which had been executed by H. B. McKinley and J. D. Thompson; that he (plaintiff) had not seen said indemnity note (the note sued on herein) from the time he delivered it to H. B. McKinley until during the May, 1911, term of the district court of Deaf Smith county, Tex., at which time he saw the note in the hands of either Wm. Knight or Carl Gilliland, both attorneys of this bar; that after the term of said district court above he went to Mr. Knight and requested him (Knight) to let him (plaintiff) take said note into his (plaintiff's) possession for the purpose of "showing it to a fellow," which Mr. Knight refused to do, stating to plaintiff that the note had been borrowed by him (Knight) from Mr. Gilliland, and that he (Knight) would not let said note out of his possession without the consent of Mr. Gilliland; that Mr. Gilliland was then called, and in the presence of both Mr. Knight and Mr. Gilliland, he (plaintiff) made the same statements regarding taking the note to "show to a fellow"; that Mr. Gilliland agreed to let him (plaintiff) take said note for that purpose, he (plaintiff) agreeing to immediately return said note; that plaintiff did not return said note, but placed it in the hands of his attorneys and instructed them to bring suit on same. Plaintiff further testified that at the time he received the release for the vendor's lien notes from the clerk and delivered to defendant McKinley the said indemnity note, he did not know anything about where nor who held the second and last vendor's lien note for which the note sued on was given as an indemnity, but supposed that it was still held by D. W. Hawkins, the original payee. Plaintiff further testified that, at the time said indemnity note was delivered to him, he was informed and knew that the defendant J. D. Thompson had signed the note as a surety only; and that it was agreed and understood between him, plaintiff, and defendant H. B. McKinley, that said note was given as an indemnity against any loss plaintiff might sustain by reason of the lien held by D. W. Hawkins against plaintiff's land caused by the vendor's lien notes executed by H. B. McKinley, payable to D. W. Hawkins, and that at any time his (plaintiff's) land should be discharged from said lien then said notes given by defendants to plaintiff, as indemnity notes, should become void and of no force and effect and should be delivered to defendant McKinley by plaintiff, and by reason of the release obtained by H. B. McKinley from D. W. Hawkins, he (plaintiff) did so surrender to defendant H. B. McKinley said indemnity notes sued on herein.

Defendants below then introduced in evi-

dence a release deed dated October 18, 1910, releasing the lands sold by McKinley to Davidson, duly signed and acknowledged by Hawkins and releasing the lien retained in the deed from Hawkins to McKinley, which was duly recorded in the deed records of Deaf Smith county on October 24, 1910.

The statement of facts also shows that it was agreed in open court that there was never any written transfer of any vendor's lien from D. W. Hawkins to the First State Bank & Trust Company. At the conclusion of the introduction of evidence and the argument of counsel, the trial court gave the following written charge to the jury: "You are instructed to find for the plaintiff and against the defendants H. B. McKinley and J. D. Thompson for the sum of $986, being principal, interest, and attorney's fees, on the note sued on." And verdict having been so returned and judgment rendered thereon, the defendants McKinley and Thompson have appealed to this court and submit the case herein on four assignments of error, presenting substantially the following propositions: (1) As plaintiff's pleadings show a former judgment against same defendants on same cause of action, defendant's general demurrer should have been sustained; (2) that the trial court erred in admitting as evidence, over the objections of the defendant, the judgment rendered in the district court; (3) that the amount of damages, if any, sustained by plaintiff, and not the note sued on, was the proper measure of recovery in this case; and (4) that the verdict and judgment are not supported by the evidence, specifying several particulars.

Appellee has filed objections in this court to our considering appellant's assignments as briefed, and while we think appellant's brief is subject to criticism, because in some particulars the rules have not been complied with, appellee's objections are also very general, and, as we have concluded from an inspection of the record that the cause must be reversed for fundamental errors apparent therein, we will discuss such of the questions raised in appellant's brief as may arise upon another trial.

[1] The verdict and judgment show most clearly that they are for the sum of principal, interest, and attorney's fees on the note signed by McKinley and Thompson and payable on its face to Davidson (being the note sued on), while the record shows conclusively that the note sued on was never intended to represent liquidated or agreed damages, but was simply intended as an indemnity contract or agreement; and the record also shows that, if appellee could recover at all under the law, he could only recover the amount it cost him to clear the land, which an actual calculation shows would have amounted at the time the judgment appealed from was rendered to something like $100 less than the judgment actually rendered.

[2] Aside from this, as Thompson had pleaded his suretyship, and there was no conflict in the evidence on this issue, if any recovery could be had against him, it should have been as surety for McKinley and not as a primary debtor.

[3] If on another trial the evidence should show that at the time Hawkins executed and delivered to Davidson the release of the vendor's lien and at the time same was placed of record and at the time Davidson delivered the note sued on to McKinley, there had been no transfer of the vendor's lien from Hawkins to any other person which had been placed of record, and it is further shown that Davidson believed at that time that Hawkins had a right to execute and deliver said release, then, as a matter of law, no recovery could be had by appellee as against either of the appellants in this case, for the reason that the record shows conclusively these matters had all transpired before any judgment was rendered in the district court foreclosing the lien on the land in that suit as against Davidson, and under these conditions it was Davidson's duty to prevent such foreclosure as against the lands in his hands. Moran v. Wheeler, 87 Tex. 179, 27 S. W. 54.

Because the record shows that judgment was rendered for the amount of the note, principal, interest, and attorney's fees, and that this amount was largely in excess of the damage actually sustained, if any, by Davidson, as a result of a breach of the contract to clear the title to the land, if in fact there was any such breach as warrants a recovery, the judgment of the trial court is reversed, and the cause remanded, and it is so ordered.