**N. WOOD v. W. P. SPARKS et al.**

Motion No. 10746; No. 1656—6116.

Commission of Appeals of Texas, Section A.
Oct. 4, 1933.

For original opinion, see 59 S.W.(2d) 361.

W. L. Eason, of Waco, for plaintiff in error.

Allan V. McDonnell, of Waco, for defendants in error.

CRITZ, Judge.

The facts in this case are fully stated in our original opinion, which is published at 59 S.W.(2d) 361.

In our original opinion we cited the case of Pope v. Beauchamp, 206 S. W. 928 (Tex. Com. App.). On motion for rehearing it is pointed out to us that the opinion of the Commission was overruled by the Supreme Court on rehearing of the same case in 110 Tex. 271, 219 S. W. 447, 449. We acknowledge our error in citing this case, but the opinion of the Supreme Court does not alter the rule of law applicable to the case at bar.

In the opinion of the Supreme Court, it is simply held that a bona fide purchaser of a negotiable note secured by a vendor's lien is not charged in law with lis pendens notice under article 6837, R. C. S. 1911, article 6640, R. C. S. 1925. There is nothing said in the opinion which either directly or indirectly overrules the opinions of the Supreme Court in Henderson v. Pilgrim, 22 Tex. 464, Moran v. Wheeler, 87 Tex. 179, 27 S. W. 54, Rogers v. Houston, 94 Tex. 403, 60 S. W. 869, or Lewis v. Ross, 95 Tex. 358, 67 S. W. 405. In this connection Judge Greenwood uses the following very pertinent language in Pope v. Beauchamp, supra: "Nothing we have said prevents an incumbrancer from being chargeable with matters, of which the law does require him to take notice."

In the case at bar the Davis Lumber Company had no negotiable note to sell. It, in law, had nothing but a lien on real property. This lien had been sold and transferred of record to Wood at the time of Hubby's attempted purchase. Hubby was charged with notice of Wood's recorded transfer.

We recommend that the motion for rehearing filed herein by Hubby be in all things overruled.