504

CECILIA MICULKA PUSTEJOVSKY ET AL. V.
K. J. Z. T. LODGE ET AL.

Application No. 20,969.   Decided March 6, 1935.
(79 S. W., 2d Series, 1084.)

*Marcus Schwartz,* of Hallettsville, for plaintiffs in error.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

This case is before us on application for writ of error.   We have concluded, after a careful consideration of the record, that the application should be denied.   In view of the importance of the question presented we deem it advisable to supplement by written statement and additional authorities the opinion of the Court of Civil Appeals.   78 S. W. (2d) 732.

The court predicates its decision on the following quotation from Thomas v. Bank, 127 S. W., 844:

"When a purchaser who seeks to buy land has examined the records of titles (notes in the present case) and finds nothing to indicate that there is an adverse claim, and he is not in possession of any facts that would put him upon inquiry as to any matters not of record, he has the right to presume that any

person claiming an adverse right would have placed the same upon record, and that there is none."

Plaintiffs in error in their application for the writ contend that as it appeared from the recorded instruments that Grossman at the time of the sale of the notes purchased by defendant in error, was the record owner of those notes of the same series, the purchaser was put upon inquiry as to the actual ownership of the other notes, taking the position that such inquiry diligently made and pursued would have disclosed to the purchaser that Grossman had theretofore sold the other notes and had not subordinated the lien securing their payment. In other words the fact that the record owner was not assigning all of the notes of the series owned by him was of itself a fact sufficient to put the purchaser on inquiry as to the actual ownership of the other notes. Whether such fact is sufficient is not decided by Thomas v. Bank, supra.

The case was tried upon an agreed statement. A brief resume of the essential facts contained in the statement is necessary to a proper understanding of the question presented in the application for the writ.

Defendant in error, K. J. Z. T. Lodge of Texas, filed a foreclosure suit on notes Nos. 9 to 14 inclusive of a series of 16 vendor's lien notes. The first eight notes of the series had been paid and released by a release duly recorded dated June 5, 1925. On November 8, 1920, Vaclav Grossman sold to F. E. Ermis a tract of land. Vendor's lien notes Nos. 1 to 16 inclusive were given by Ermis to Grossman in part payment, and vendor's lien was reserved in the deed to secure their payment. The deed was duly recorded November 9, 1920. The notes stipulated for yearly maturities, No. 16 to mature November 1, 1936. Notes Nos. 1 to 8 inclusive may not be further considered as they were paid, and Grossman by release to Ermis duly recorded released the same June 5, 1925. On December 28, 1924, Anton Miculka died, and at the time of his death notes Nos. 15 and 16 were in his possession. Grossman's endorsement, signed by him, was on each of said two notes as follows:

"For value received, I hereby sell, transfer and assign to Anton Miculka the within note together with the vendor's lien on the property securing same, and as endorser, I guarantee the payment of the within note at maturity, or on demand, at any time after maturity, waiving demand, protest and notice of nonpayment thereof."

The foregoing assignment was never recorded. Willie

Miculka and Cecilia Miculka Pustejovsky became the owners of the two notes. On June 5, 1925, the date of the release of the first eight notes of the series, Grossman, by written assignment, transferred to defendant in error lodge notes Nos. 9 to 14 inclusive. The assignment contains the following recital:

"And I do hereby bind myself, my heirs, executors and administrators that said notes Nos. 9, 10, 11, 12, 13 and 14 are the first and superior liens on said land and that notes Nos. 15 and 16 for the principal sum of $1,000.00 each are an inferior second and junior lien on said land."

Paragraph 7 of the agreed statement is as follows:

"That Mrs. Mary Yurek was the president of the K. J. Z. T. Lodge on June 5, 1925, when the said notes sued on by plaintiff herein were transferred by Vaclav Grossman to said plaintiff. Mrs. Yurek says that she would not have loaned the money on said notes unless the security had been made a first lien; that she employed an attorney to examine the records before making the loan."

The statement concluded as follows:

"The only question in this case is as to whether or not the lien of the plaintiff under the pleadings and the facts herein given, is superior to that of the defendants Cecilia Miculka Pustejovsky and Willie Miculka, or whether or not the lien of the said defendants Cecilia Miculka Pustejovsky and Willie Miculka is superior to that of plaintiff or whether or not the said lien of said defendants is on a parity and equal standing with that of plaintiff."

In the case at bar both assignees bargained for priority of lien. Anton Miculka as the first assignee bargained for and received an agreement of guaranty of payment of notes 15 and 16, which was tantamount to an agreement for priority. He failed to record his assignment. The lodge, as the second assignee and as a subsequent purchaser without notice, bargained for and received an agreement for priority of lien to secure the payment of the notes assigned to it, 9 to 14 inclusive. It secured and recorded an assignment embodying its agreement for priority.

Under the foregoing epitomizd statement of the facts it appears that the real question presented is whether the lodge had the right to rely upon the record without inquiry into the existence of a transfer not known to it, by which the lien upon the land had been passed to another who had neglected to place his assignment upon the records.

The answer to the question is controlled by Moran v. Wheeler,

87 Texas, 179, 27 S. W., 54. It was held in that case that the subsequent purchaser was not required to inquire into the existence of such transfer. In the later case of Rogers v. Houston et al., 94 Texas, 403, 60 S. W., 870, a question was certified which Judge Brown states was very much the same as that in the Moran case. The certified question reads:

"Did the burden rest upon Rogers to prove that he did not have actual knowledge that Brown had transferred the $180.00 note which was given to him by Davis and which was described in the deed from Brown to Davis?"

The court answered that the burden inquired about did not rest on Rogers.

It follows that the fact that the record of title at the time Grossman transferred the notes sued on by defendant in error showed that Grossman was the record owner, contrary to fact, of notes 15 and 16, was not such a fact as would of itself, and without more, put defendant in error upon inquiry as to the actual ownership of said notes. What more could Grossman say than he had already said in his assignment solemnly acknowledged and delivered to the lodge for record? As stated in Moran v. Wheeler, it would not be reasonable to require such a fruitless inquiry. Quoting from Traders Nat. Bank v. Price (Com. App.), 228 S. W., 163:

"An affirmative declaration or an act equivalent to such declaration by the record owner of the note that same had been paid, satisfied, or cancelled, or the lien released or extinguished, would protect one dealing with the land in good faith for a valuable consideration and without notice."

The same Commissioner, the late Judge Sonfield, who wrote the opinion from which the foregoing excerpt is taken, stated in applying the rule applicable here in Wooten Grocery Company v. Lubbock State Bank (Com. App.), 215 S. W., 835:

"The purchase of a vendor's lien note carried with it the lien. Such transfers are within our registration statutes. A transferee of such note has it within his power to make a written assignment thereof and place the same of record, thus securing himself against a wrongful release by the original owner." Citing Morgan v. Wheeler, supra. See also 66 C. J., 1239, Secs. 1122 and 1123.

Miculka knowing the record showed Grossman had power to assign the lodge a superior lien and having failed to use the means made incumbent upon him by the registry laws to protect himself against the exercise of such power, would not now, if living, be in position to prevent the lodge from receiving the

benefit of such superior lien. The protection afforded by the registration laws is not predicated upon an assumption that an assignor will assign only what he owns. If such were the basis of the protection none would be needed. It is predicated rather upon the possibility that he may assign a right or lien limited not to the extent of the actual right to assign, but to the extent of his apparent right to assign.

In the case of Lewis v. Ross, 95 Texas, 258, 67 S. W., 358, the first assignee of a series of notes failed to take and record a written assignment embodying his agreement for priority. The second assignee who had no knowledge of the first assignment, acquired his note and lien without priority; that is, on the basis of equality of liens between the several notes. It was held that the first assignee having lost his priority on account of failure to record the same, and the second assignee having purchased without priority, both should recover on the basis of equality of liens. Judge Brown after stating that Moran v. Wheeler clearly and conclusively settled the case said:

"If one who acquires a purchase money note with an agreement for priority of payment decides to preserve that right as against persons who may subsequently purchase the other notes, he may and should take a written assignment of the note purchased, embodying in it the agreement for priority of payment, and have it recorded, and, failing to do so, one who purchases another of the same series of notes without notice of the prior right will take it subject to the legal effect of the reservation of the lien in the deed; that is, equality of lien between the several notes. There was no error in the judgment of the court refusing Lewis (the first purchaser) priority of payment."

The same rule as to protection of a subsequent purchaser under the registry laws was applied in both the Moran and Lewis cases, but with different results, recovery in the former being on the basis of priority and in the latter on the basis of equality. The reason for recovery of both assignees in the Lewis case on the basis of equality of lien, as plaintiffs in error seek in the alternative to do in this case, is that the first assignee lost his priority of lien; and the second assignee, who occupies the same position as to notice as the lodge in the case at bar, not having bargained for priority, could recover no more than he bargained for. The result of the loss of priority was to fix the lien status as applied to the notes held by both assignees as one of equality of security.

In the case at bar the situation is reversed, as it was in the Moran case. The lodge bargained for priority, and being a

subsequent purchaser without notice, is protected under the registration laws, and is entitled to receive priority. Miculka having failed to record his assignment, plaintiffs in error are not entitled to recover as against the lodge on the basis of equality of lien. To permit recovery on such basis would destroy the lodge's priority.

There is no question in this case such as arose in Traders Natl. Bank v. Price, 228 S. W., 163, when an attaching creditor was denied application of the rule here involved; or in Pope v. Beauchamp, supra, when a party having caused the filing of lis pendens notice was denied application of the rule; or in Wood v. Sparks, 59 S. W. (2d) 361, 63 S. W. (2d) 1109, where claim of priority was denied a holder under recorded instruments evidencing a pure right in rem carrying no promise to pay. In those cases the rule applicable here was not only not questioned, but recognized. The rule was not applied in those cases on the ground that the recorded evidences of right under the respective holders claimed, were not within the registration statutes. Arts. 6326 and 6327, R. S.

The judgment of the trial court in denying plaintiffs in error the right to recover on notes 15 and 16 on the basis of equality of lien with the notes held by the lodge, and the judgment of the Court of Civil Appeals affirming same, are correct. Application for writ of error is therefore denied.

Opinion adopted by the Supreme Court March 6, 1935.