**Beatrice Bernice STEELE, Appellant,**

**v.**

**E. P. ORTS, Appellee.**

**No. 7631.**

Court of Civil Appeals of Texas.

Texarkana.

May 4, 1965.

Rehearing Denied May 25, 1965.

344

---

William F. Billings, Fanning, Billings, Harper, Pierce & Gilley, Dallas, for appellant.

Harold E. Wood, Chancellor & Wood, Dallas, for appellee.

CHADICK, Chief Justice.

This was a suit to determine the priority of deed of trust (contractual) liens upon real property created to secure indebtedness evidenced by promissory notes. The judgment of the trial court is affirmed.

Rab Enterprises, Inc., borrowed $6,000.00 from E. P. Orts on January 4, 1963. A promissory note for that sum was secured by a deed of trust lien affixed upon a lot in the Hampton and Industrial Addition to the City of Dallas, Dallas County, Texas. Pending closure of the transaction a title examiner discovered in the deed of trust records of Dallas County, Texas, a deed of trust covering the same property from Rab Enterprises, Inc., to Beatrice Bernice Steele, Trustee, dated June 22, 1961, given to se-

cure the payment of certain indebtedness described in the instrument in this manner:

" * * * one certain promissory note * * * of even date herewith (hereinafter referred to as note), executed by the undersigned, payable to Francis Albert Steele, or order at Dallas, Texas, as follows: $1,598.00 payable in equal successive monthly installments of $94.00 each for seventeen months; $5,293.24 payable in successive equal monthly installments of $61.50 each; It is agreed that if default be made in the payment of any principal or interest on said note, or in the performance of the covenants or agreements herein contained, or any of them, then at the option of the legal holder of said note, the whole of the principal debt herein secured shall become due and payable, and may be collected by suit or by proceedings hereunder; and it is further agreed that if said indebtedness is not paid when due, and is placed in the hands of an attorney for collection, or if collected through the Probate Court, ten per cent, additional on full amount thereof shall be added as attorney's fees.

"It is also agreed that this Deed of Trust covers any and all renewals of the above described indebtedness."

Orts required a release of the lien created by the deed of trust instrument as a prerequisite to making the loan.

Francis Albert Steels, (shown by the record to be the same person as F. A. Steele), the payee in the note mentioned in the deed of trust, executed and delivered to Orts a release, the instrument, excepting its heading and the acknowledgment, as follows:

"WHEREAS, on the 22nd day of June, A.D.1961, Rab Enterprises Inc., a Texas Corporation of the County of Dallas, State of Texas, did execute, acknowledge and deliver to of the County of Dallas, State of Texas a certain Deed of Trust on the following

described real estate, situated, lying and being in the County of Dallas in said State of Texas, to-wit: Being Lot 30 in Block 10 of the Hampton and Industrial Addition a Subdivision on a part of the G. W. Dooley Survey, Abstract No. 390, Dallas County, Texas, according to a Plat thereof recorded in Volume 8, Page 185-6 of Map Records of Dallas County, Texas to secure the prompt payment of two certain promissory notes executed by the said Rab Enterprises Inc. and payable to the order of F. A. Steele as follows: One note dated June 22, 1961 in the face amount of $5,293.24 payable in successive monthly installments of $61.50 each; and one note dated June 22, 1961 in the face amount of $1,598.00, payable in successive monthly installments of $94.00 each bearing interest from          at the rate of          per cent. per annum.

"AND WHEREAS, Said notes with accrued interest thereon, has been fully paid to F. A. Steele the legal and equitable holder and owner of such note.

NOW, THEREFORE, KNOW ALL MEN BY THESE PRESENTS: that F. A. Steele of Dallas County, State of Texas, in consideration of the premises and of the full and final payment of said notes, the receipt of which is hereby acknowledged, have this day and do by these presents release, discharge and quitclaim unto the said Rab Enterprises Inc. heirs or assigns, all the right, title interest and estate in and to the above described property, which I have or may be entitled to by virtue of said Deed of Trust and do hereby declare the same fully released and discharged from any and all liens created by virtue of said Deed of Trust above mentioned.

"WITNESS my hand, this 3rd day of January, A.D.1963.

                              F. A. Steele

"WITNESSES:

_____

_____"

Orts, being satisfied with this release, consummated the loan on January 4, 1963.

Shortly before April 1, 1964, it came to Orts' attention that a Substitute Trustee had posted notices preliminary to foreclosing the lien created by the June 22, 1961, deed of trust. Orts instituted suit against Beatrice Bernice Steele and the substitute trustee. A temporary injunction issued staying a sale under foreclosure. Mrs. Steele and the substitute trustee filed pleading in answer, and both sides moved for summary judgment. Judgment was entered by the trial court decreeing that the deed of trust lien securing Orts' note dated January 4, 1963, in the sum of $6,000.00 was a first and superior lien upon the property involved. Bernice Beatrice Steele alone has perfected an appeal from that decree.

Mrs. Steele's affidavit and exhibits show that she was divorced from F. A. Steele June 27, 1961, and in the divorce proceeding the court ordered F. A. Steele to secure the payment of certain indebtedness in the amount of $7,113.43 by a deed of trust on the Hampton and Industrial Addition lot. Steele was president of Rab Enterprises Inc. at the time. Accordingly, in anticipation of the divorce decree of June 27, 1961, a deed of trust and deed of trust note dated June 22, 1961, was executed. As of the same date, June 22, 1961, Francis Albert Steele executed his personal note payable to Mrs. Steele for $6,891.24, and delivered it and the deed of trust note to Mrs. Steele. Thus the June 22, 1961, Rab Enterprises Inc., note secured by the deed of trust lien was placed with Mrs. Steele as collateral to secure F. A. Steele's personal note.

Mrs. Steele purposes to reverse the trial court judgment on the legal proposition that F. A. Steele's release instrument does not describe the indebtedness secured by the deed of trust lien and consequently does not evidence payment of the indebtedness and release of the lien she holds as collateral security; alternately, that the inconsistency of the descriptions of indebtedness in the two documents was sufficient to

put Orts on notice that F. A. Steele was probably not the owner and holder of the indebtedness described in the deed of trust, such notice depriving him of the protection of the registration statutes. The relevant parts of the two documents have been set out. Principally, the difference in the descriptions is that the June 21, 1961, deed of trust describes the indebtedness as one note wherein $1,598.00 is payable to Francis Albert Steele in 17 successive monthly installments of $94.00 each, and $5,293.24 is payable to Francis Albert Steele in successive monthly installments of $61.50 each, while the release describes two notes, one in the sum of $1,598.00 payable to F. A. Steele in successive monthly installments of $94.00 each, and another of $5,293.24 payable to F. A. Steele in successive monthly installments of $61.50 each. The descriptions are similar in that the total indebtedness, $6,891.24, is the same in both instruments, the payee of the note or notes is the same in both, each has the same date, and they are in complete agreement as to the amount of the monthly installments.

■ There is no suggestion in the record that Orts had actual notice that Mrs. Steele held or claimed an interest in or to the deed of trust note, nor is his good faith clouded by the slightest evidence. The rule applicable here is clearly stated in Traders' National Bank v. Price, Tex.Com.App., 228 S.W. 160, (Sec. A, Op.Adpt.), in this language: "An affirmative declaration, or an act equivalent to such declaration, by the record owner of the note that same had been paid, satisfied, or canceled, or the lien released or extinguished, would protect one dealing with the land in good faith for a valuable consideration and without notice." This rule was quoted and reaffirmed in Pustejovsky v. K. J. Z. T. Lodge, 124 Tex. 504, 79 S.W.2d 1084, (Op.Adpt.); and Ragan v. Day, 94 S.W.2d 1207, (Tex.Civ.App. 1936, writ refused).

■ Whether the indebtedness is represented by one or two notes, the record un-

mistakably shows F. A. Steele to be the record owner and holder of the $6,891.24 indebtedness represented by the note or notes and deed of trust lien securing it. The law does not require Orts to go beyond Steele in seeking a release of the deed of trust lien. See Moran v. Wheeler, 87 Tex. 179, 27 S.W. 54; Rogers v. City of Houston, 94 Tex. 403, 60 S.W. 869; Wood v. Sparks, 59 S.W.2d 361 (Com.App. Sec. A).

The appellant's point of error is overruled. The judgment of the trial court is affirmed.