Bell, J.
—The evidence shows very clearly, that the plaintiff in error was married in the State of Tennessee, and that she and her husband both resided in the State of Tennessee at the time of their marriage. There is no evidence that the marriage was contracted in view of a removal to the State of Kentucky, and residence in that State. The marital rights of the plaintiff in error and her husband, in respect to the negro girl which descended to the plaintiff in error from her father’s estate, in the State of Tennessee, depended, therefore, upon the laws of Tennessee, and not upon the laws of Kentucky, to which State the parties removed after their marriage. There was no proof whatever respecting the laws of Tennessee. The first instruction given by the court below to the jury, was, therefore, error. That instruction was, that if the negro girl, sold in Kentucky, was inherited or received by "will by the claimant, (Mrs. Keyser,) prior to the year A. D. 1850, and that before that time there was no statute law there (that is, in Kentucky) protecting and vesting the said property in the said claimant, as her separate property, then the possession by the husband, and the sale of said negro, vested the proceeds in the husband, and the same would- be subject to execution; and the court added, that, these things being so, the jury should find for the plaintiff in the execution. c 1
Row, it is plain that these things might all be so, and yet, if the laws of Tennessee made the negro girl the sep *221 arate property of the wife, Mrs. Keyser, the girl would have remained her separate property after the removal to Kentucky; and, even after a valid sale of the girl, the proceeds would have remained the separate property of the wife. The instruction of the court was, therefore, erroneous. It required the jury to find a verdict for the plaintiff in execution upon facts which did, not authorize such a verdict.
T-he whole evidence, taken together, shows that the plaintiff in the execution was entitled to have a verdict and judgment in his favor; hut we do not feel inclined, in the exercise of jurisdiction which is strictly appellate, to affirm a judgment in a case in which the jury acted under an instruction clearly erroneous. . We will, therefore, reverse the judgment, and remand the cause for another trial, that the law of the case may he respected, as well as the facts.
Reversed and remanded.