## DODD v. FIRST STATE BANK & TRUST CO. OF HOLLIS, OKL.

### No. 3990.

Court of Civil Appeals of Texas. Amarillo.

Oct. 25, 1933.

Rehearing Denied Nov. 22, 1933.

T. Wade Potter, of Littlefield, and Bledsoe, Crenshaw & Dupree, of Lubbock, for appellant.

E. A. Bills, of Littlefield, and R. D. Miller, of Hollis, Okl., for appellee.

HALL, Chief Justice.

The appellant Dodd sued J. B. Ellis and wife, Irene Ellis, the Oklahoma Wholesale Credit Men's Association, Wm. Chessly Lewis, W. E. Bird, J. C. Morgan, and the First State Bank & Trust Company, an Oklahoma corporation, to recover against Ellis and wife upon a promissory note in the sum of $2,000 dated April 1, 1931, due six months after date, with 10 per cent. interest and 10 per cent. attorney's fees.

The bank and the other parties were made defendants under the allegation that they were claiming some right, title, or interest in the land upon which foreclosure was sought.

All the defendants except the bank defaulted. The bank answered alleging that it held, as transferee from Ellis, certain vendor's lien notes against the land in question which they alleged to be secured by a

lien superior to the lien evidenced by plaintiff's deed of trust.

Further facts alleged are, in substance, that on November 25, 1929, Mrs. Hilda Hodges, joined by her husband, conveyed the land in question to W. R. Waggoner by deed reciting, among other things, the execution of ten vendor's lien notes as part of the consideration; notes numbered 1 to 9 being in the principal sum of $250 each, and note No. 10 for $1,734.50. That said notes provided for interest at 6 per cent. from date with the usual acceleration clause, and were payable one each year from January 1, 1931, to 1940. Both the notes and the deed retained a vendor's lien to secure the sums due. Thereafter Mrs. Hodges and her husband on December 5, 1930, transferred in writing the ten notes, together with the lien securing the same, to J. B. Ellis; none of said notes being due at that time. This transfer was recorded February 6, 1931. March 19, 1931, W. R. Waggoner, by deed recorded March 20, 1931, conveyed the land to J. B. Ellis; the instrument reciting that Ellis assumed the payment of said ten vendor's lien notes. The ten notes were transferred on March 3, 1931, by J. B. Ellis to the bank as collateral security for his indebtedness of $4,000. Thereafter on May 9, 1932, Ellis made a written transfer of said notes to said bank, which was placed of record in Lamb county. That Ellis was still indebted to the bank in the sum of $3,500 with interest. The bank prayed for judgment for its debt and a foreclosure of its lien as superior to the lien claimed by plaintiff Dodd.

By supplemental petition Dodd alleged that after Mrs. Hodges had transferred the notes to Ellis and on March 19, 1931, Waggoner conveyed the land to Ellis by deed duly recorded. That thereby the records showed that Ellis was the owner of the land and of the notes and that there had been a merger of the legal and equitable titles. That there was no recorded assignment of the transfer of the notes by Ellis to said bank, and that Ellis, through his agent who negotiated the loan, represented that he still held the notes and that the deed of trust lien was a first lien upon the land. That the bank by failing to procure and record a transfer of the notes put Ellis in a position to deceive plaintiff and caused him to make the loan, and thereby the bank was estopped to assert that its lien was superior to the lien held by plaintiff. That plaintiff had no notice actual or constructive of the ownership of the notes by the bank.

Upon a trial to the court without a jury, there was a judgment that the First State Bank & Trust Company's lien was superior to the deed of trust lien held by plaintiff, and the court decreed that the bank have judgment for its debt against Ellis and a foreclosure of the lien and that its lien be foreclosed as to all the other defendants except the bank. There was a judgment in favor of the plaintiff against Ellis for his debt and against Ellis and all the other defendants except the bank for a foreclosure of plaintiff's lien, but subordinate and inferior to the bank's lien. It was ordered that the property be sold and the proceeds applied first to the satisfaction of the bank's lien and the remainder to the satisfaction of the plaintiff's lien.

The first proposition urged by appellant Dodd is that because the evidence showed that Ellis lived in Oklahoma and that Ware was his agent to obtain the loan from Dodd, the inquiry made by plaintiff's attorney of Ware with reference to the notes was the exercise of sufficient diligence.

Ellis testified that he lived in Hollis, Okl., and had resided there for twenty-six years and had never seen the plaintiff Dodd until the date of the trial. That he requested Ware to try to procure a loan for him on this land, and Ware reported that Mr. Dodd would make the loan, provided he could get title in himself without any liens against it. Ware testified that he handled the negotiations for the loan and closed it all the way through for Mr. Ellis. That he found out that Dodd would make the loan and got in touch with Ellis and told him that if he could get a deed from Waggoner and get a clear title he could get the loan from Dodd. That Ellis told him to go ahead and get the loan and that he (Ellis) would get a first lien on the land. Attorney Martin testified that he examined the abstract of title for Dodd. That Ware had spoken to him about the loan and that when he examined the abstract he found the deed from Waggoner to Ellis reciting that Ellis had assumed the payment of the ten notes and the abstract also showed that Ellis was the record owner of the notes. That he then consulted Ware, asking him where the notes were or who had them and what had been done with them. Ware replied that Ellis had the notes. Martin further testified that based on his examination of the title and the statements made to him by Ware, that he wrote an opinion on April 6th approving the title and advising the loan. No testimony was introduced to show that plaintiff or his attorney had any actual notice that the notes were in the hands of the bank or any one other than Ellis.

In his brief the appellant states that when his attorney Martin asked Ellis' agent Ware where the notes were, that Ware told him that Ellis had the notes and that they had been cancelled and extinguished. The court sustained an objection to that part of Ware's statement that the notes had been cancelled and extinguished. No exception was re-

served to the court's ruling, and we must assume that the latter part of the statement was not considered by the court in passing upon the sufficiency or insufficiency of the notice. According to the record, it appears that Dodd knew of the existence of the ten vendor's lien notes and that they were in the hands of Ellis at the time he was negotiating through his agent Ware with Ellis with the view of making the loan.

Appellant states that the two controlling questions presented by the record are: First, assuming that the recitals in the deed from Waggoner to Ellis whereby Ellis assumed payment of the vendor's lien notes of which he was the record owner were sufficient to put plaintiff upon inquiry, then was the diligence exercised by him to ascertain the ownership of the notes sufficient? Second, assuming that Ellis transferred the notes to the bank before the execution of his deed of trust to plaintiff Dodd, did the failure of the bank to procure and promptly record a written transfer of the notes from Ellis, thus putting it in his power to deceive plaintiff by representing that he still held the notes, estop the bank from claiming that their lien was superior to the deed of trust lien held by plaintiff?

The first proposition is that the evidence showing that Ellis lived in Oklahoma and that Ware was his agent to obtain this loan, the inquiry made by plaintiff's attorney of Ware with reference to the notes was the exercise of sufficient diligence.

We do not assent to this proposition. In order to become a bona fide purchaser or a bona fide mortgagee of real property when the party has notice that prior liens and incumbrances are outstanding, it is necessary that such party should inquire of reliable and disinterested persons as to the status, the ownership, and validity of the notes or bonds evidencing such prior indebtedness.

As said in 1 Jones on Mortgages (8th Ed.) 109, § 683: "It is not safe to rely upon the statements of the vendor or of one who has a motive for misleading the inquirer but all other reasonable and available sources of information must be exhausted." The author cites, amongst cases from other jurisdictions, Littleton v. Giddings, 47 Tex. 109; Moody & Co. v. Martin (Tex. Civ. App.) 117 S. W. 1015, which sustain the ruling announced in the text. See, also, Bacon v. O'Connor, 25 Tex. 217, and the rule is further extended in this state in La Brie v. Cartwright, 55 Tex. Civ. App. 144, 118 S. W. 785, to the effect that such a party cannot take the opinion of his attorney as shown upon an abstract of title, but must go beyond the abstract and exhaust all available sources of information. In the instant case Ellis, of course, was primarily interested in securing the loan but Dodd did not even consult him. He was content with having his attorney Martin consult the agent of Ellis, who was doubtless also interested in having his principal consummate the loan. Clearly Dodd did not use reasonable diligence in ascertaining the facts concerning the notes which the record and the abstract showed were in Ellis' hands, although he had assumed their payment. Reasonable diligence required that he demand of Ellis a release of the notes or that profert be made of them and that they be canceled in some method known to the law. The court found that there was no merger arising from the fact that Ellis had acquired the notes and the land had been reconveyed to him by Waggoner, and the record sustains this finding. In the absence of a merger, Ellis was at liberty to make such disposition of the notes as he desired. The fact that he had assumed them and that his assumption was recited in the deed from Waggoner did not have the effect of cancelling the notes or bind him to do so.

None of the cases cited by appellant are applicable to the instant case. In Moran v. Wheeler, 87 Tex. 179, 27 S. W. 54, it was shown that the vendor's lien had been released by the vendor and the release duly recorded. It was not shown in that case that the notes had been assigned by the original vendor. In the case of Traders' National Bank v. Price (Tex. Com. App.) 228 S. W. 160, it appears that an agent had represented that the vendor's lien notes had been paid, satisfied, or canceled or the lien released or extinguished. In this case Ware's statement that the notes had been canceled and extinguished by Ellis was excluded by the court and no exception reserved. The only testimony tending to show the then ownership of the notes was the statement that Ellis owned them and the further recital in the deed that he had assumed them. Under the facts appearing in the record, the bank owed Dodd no duty to record its written transfer of the notes and there is no element of estoppel in the case.

Appellant's remaining assignments urge the same contention as set forth in the first proposition and point out possible errors in the court's findings of fact. It may be admitted that the testimony does not sustain all of the court's findings, but they relate to immaterial matters.

For the reasons stated the judgment is affirmed.