## No. 2455.

### J. H. WITTBECKER *v.* ROBERT WALTERS.

1. DEED—MISTAKE—DESCRIPTION.—A mutual mistake in the calls of a deed conveying land in excess of that bargained for, can not be corrected at the suit of the vendor, when, after the discovery of the mistake, he has received payment of the purchase money for the land thus conveyed, and yielded possession thereof to the vendee.

2. PLEADING—EVIDENCE.—In a suit by a vendor to recover possession of land conveyed by mistake, the defendant, although in his pleading he may rely on his deed alone, may show without special plea that after the discovery of the alleged mistake, the vendor received the full consideration for the land, and had agreed to let the conveyance remain undisturbed.

APPEAL from Fayette.    Tried below before the Hon. H. Teich-mueller.

*Moore, Duncan & Meerscheidt,* for appellant: Where a defend-ant in an action of trespass to try title pleads not guilty, and specially pleads and alleges the character and nature of his par-ticular title, he is limited in his proof of the particular title so pleaded, and can not rely upon his general plea of not guilty to prove and sustain a different title.   (Rivers v. Foote, 11 Texas, 671; Shields v. Hunt, 45 Texas, 426; Custard v. Musgrove, 47 Texas, 220; St. Louis, Arkansas and Texas Railway v. Whita-ker and Bonner, Tyler Term, 1887.)

A survey actually made and identified upon the ground, con-trols all calls; lines actually run, when ascertained, prevail. (Stafford v. King, 30 Texas, 273.)

*Phelps & Lane,* for appellee, cited Finley v. Mitchell, 50 Texas, 145.

GAINES, ASSOCIATE JUSTICE.   On the third day of October, 1883, appellant and wife conveyed to appellee by deed a tract of land which was described in the conveyance as follows:  "All that tract of land situate in Fayette county, State of Texas, ad-joining the town of Shulenberg, part of the J. A. Anderson league.    Beginning at Franz A. Stanzol's northeast corner; thence south one hundred and ninety-five varas to street; thence west to Wettbecker's corner three hundred and thirty-two varas; thence north one hundred and ninety-five varas; thence east three hundred and thirty-two varas to the beginning."   The land was sold by the acre, and the field notes embraced eleven and one-sixteenth acres, for which the deed called.   At the time of the conveyance, appellant had a fence running north and south across the tract therein described, and three hundred varas west of the east boundary line.   He then owned also the land lying west of the fence and also west of the premises de-scribed in the field notes, taking course and distance as the true calls of the survey.   The undisputed facts were, that appellant agreed to sell to appellee that portion of his land lying east of the fence, by the acre, at ninety dollars per acre, and that it was surveyed before the deed was made.   In measuring the south boundary line, however, a mistake was made, and it was set down at three hundred and thirty-two varas in length

instead of three hundred varas, which was shown to be the true distance. The north boundary line was not actually measured, but as the deed shows, was also set down as being three hundred and thirty-two varas long. About two years after the date of the deed, and before the purchase money of the land was fully paid, the mistake was discovered. One Misigas, who was the nephew of appellant, testified, that in 1885, he and appellant measured the land and found the distance from the southeast corner to the fence only three hundred varas; and that by direction of appellant he told Walters to move his fence thirty-two varas further west, and that he collected the last note due for the purchase money and deducted the interest on ninety dollars, the price of one acre for the two years before appellee changed the enclosure and thereby took possession of the strip which originally lay west of the fence. Appellee testified to the same effect, but appellant, in his testimony, said he had no recollection of these transactions, but that when the mistake was discovered, he offered to make a deduction from the unpaid purchase money of the excess called for by the notes. The court, however, found against him upon this matter, and the evidence amply warrants the conclusion.

The appellant brought the suit in the court below in the form of an action of trespass to try title, claiming two tracts of land, one of which it is to be presumed embraces the land or a part of the land, included by the course and distance called for in his deed to appellee.

Defendant disclaimed as to all the land sued for by plaintiff except that described in his deed, to which he set up the conveyance in controversy as title. The court found the facts substantially as have been stated and gave judgment for the defendant for the land claimed by him and for his costs.

Appellant contends that the surveyor, in running the lines of the tract preliminary to the sale, having followed as its west boundary the line which is three hundred varas west of the east boundary, thereof, and the parties having intended a transfer of only so much of the land, this survey so actually made should govern; and in support of his position invokes the rule, that in case of conflicting calls the footsteps of the surveyor must be followed. But we are of opinion the rule does not apply to the case made in the court below. Here there is no conflict in the calls. There being no evidence that plaintiff had a corner three hundred varas west of the southeast corner of the tract in

question, we must construe the calls for "Wittersberg's corner" as meaning the corner made by the field notes themselves, and not as a call for a corner already recognized. If it had been for the corner of his enclosure, and it had appeared that there was a corner of the fence where the south line of the survey reached it, the rule would have been applicable, and this point should have been taken as the southwest corner of the land conveyed by the deed. But as we construe it there is no conflicting call, and the distance given in the conveyance must govern. To illustrate this, let us suppose that Wittenberger had owned the land on both sides of the east boundary line of the tract conveyed, and that after the agreement and survey, which were proved upon the trial, the deed had been executed calling by mistake for lines running first south, then east, then north and then west, the respective distances so as to describe a survey of the same dimensions lying east of the beginning line, instead of west as intended, could it be held that this conveyed the tract actually surveyed and not that described in the deed? We think not. The deed would have conveyed the legal title to the land as described in it, though either party would have had the right, upon proof of the facts, to have had it reformed so as to embrace only the land actually surveyed and intended to be transferred. So in this case, upon the discovery of the mistake, it was the right of appellant, upon an offer to abate the purchase money, to have his deed reformed so as to conform to the original agreement of sale. But after the mistake was made known to him, having received the entire purchase money, less the interest on the excess, and having yielded up possession of the disputed strip in consideration of the payment, he must be held to have confirmed his deed as originally executed, and thereby parted with his right to have it corrected.

Defendant's deed being sufficient to convey the land in controversy and the equities growing out of the mistake having been adjusted between the parties, defendant was clearly entitled to a judgment. But appellant claims that because appellee pleaded only his conveyance in answer to the action, he should not have been permitted to show the subsequent parol agreement. But we hold the deed sufficient upon its face to defeat plaintiff's suit. If the latter had the right without special pleading to show that the land in controversy was embraced in the conveyance by mistake, we think it clear that defendant was entitled without additional pleading to show that plaintiff had

received the purchase money for the excess of the land and had agreed to let the conveyance stand.

There is no error in the judgment, and it is affirmed.

*Affirmed.*

Opinion delivered January 10, 1888.