### MORGENROTH et al. v. FIRST STATE BANK.

### No. 9892.

Court of Civil Appeals of Texas. Galveston.

Nov. 17, 1933.·

Rehearing Denied Dec. 14, 1933.

E. C. Overall, of Gonzales, for appellants.

Terry, Cavin & Mills, Joyce ˙Cox, and Rupert R. Harkrider, all of Galveston, and Durell Miller, of Yoakum, for appellee.

GRAVES, Justice.

"Mrs. E. K. Morgenroth, joined by her husband, E. K. Morgenroth, plaintiffs, brought this suit against the First State Bank, Yoakum, Texas, to recover upon the balance due on a certain promissory note in the original sum of $2,100.00, with credits of $800.00 being admitted or deducted. Prayer was for the balance due of $1,300.00, and interest at the rate of six per cent. per annum from June 16, 1931, and interest at rate of 5½ per cent. per annum on $2,100.00 from March 12th to June 16th, 1931, general and special relief, etc.·

"Petition alleged that Mrs. Morgenroth on or about Dec. 12th, 1927, went to the Farmers and Merchants State Bank, Yoakum, Texas, and with intention to leave on time-deposit the sum of $1,500.00. That she applied to the cashier, E. J. A. Mertz, for a time deposit certificate. That Mertz was agent, cashier, and with authority to bind the bank, and did then and there issue·to her, while acting in the scope of his authority and apparent authority, a time-deposit certificate. That at the end of three months, and succeeding three months thereafter, she would go to the bank and have various certificates issued to her; that the certificate would be issued on the fol-

lowing dates, March 12, June 12, Sept. 12, and Dec. 12. That on March 12, 1931, Mrs. Morgenroth went to the bank and surrendered her previously issued certificate of date Dec. 12, 1930, and received her interest up to March 12, 1931. That Mertz, the cashier, instead of issuing to her the usual certificate issued a promissory note, payable to Mrs. Morgenroth, with interest due in 90 days, and which note was signed by E. J. A. Mertz and John Machac. Petition alleged that the certificates issued previous to the note of date or delivered of date March 12, 1931, were signed by E. J. A. Mertz, with affix, 'Cashier,' and John Machac, with affix, 'Vice-President,' following their names.

"The petition further alleged that the note was the obligation of the Farmers· and Merchants State Bank, Yoakum, Texas, and that the note sued upon was executed by .E. J. A. Mertz while acting within his authority, or scope of his authority. That Mrs. Morgenroth dealt with Mertz as cashier of the Farmers and Merchants State Bank, Yoakum, Texas, and in his official capacity, and that she was dealing with the Farmers and Merchants State Bank at all times, and at the time of the issuance of the note. That the note sued upon was the act of the Farmers and Merchants State Bank, made by and through E. J. A. Mertz, its officer in charge, and with authority to bind said bank in such contract, and accept money for deposit.

"Petition also' alleged that Mrs. Morgenroth was a German lady by blood, and was unlearned and uneducated, and never had any dealings with any bank prior to the times above alleged, and that she knew Mertz was cashier of said bank and had full confidence in him and dealt with him as cashier. That said Mertz made Mrs. Morgenroth believe and dealt with her in such a way as to make her believe she was leaving money on deposit in said bank, whereby he bound said bank by his said acts.

"Petition also alleged the bank became insolvent, and was closed by the Banking Commissioner of Texas. That the defendant Bank made an agreement whereby it purchased all assets, and agreed to pay off and satisfy all just and lawful debts and obligations. Petition alleged the claim of Mrs. Morgenroth was an obligation of the Farmers and Merchants State Bank, and assumed by the defendant bank.

"Petition also alleged that Mrs. Morgenroth dealt with E. J. A. Mertz at the Farmers and Merchants State Bank's place of business, and that said bank held out Mertz with authority to bind said bank; that said Mertz fraudulently issued to her a promissory note on March 12, 1931, instead of the usual time-deposit certificate, of which she did not know the difference; that he fraudulently induced her to accept the note, thereby inducing her

to believe she was leaving her money on deposit. Petition alleged the relation of debtor and creditor existed between Mrs. Morgen-, roth and the Farmers and Merchants State Bank by reason of her leaving said money for deposit. Suit was to hold the bank liable on the note, alleging it was the obligation of the Farmers and Merchants State Bank, Yoakum, Texas.

"Defendant answered by general demurrer, general denial, and plea of non est factum as to certain $1,500.00 time-certificates. The sworn plea was limited to a denial that the Farmers and Merchants State Bank of Yoakum, Texas, ever executed to Mrs. Morgenroth a time-certificate for $1,500.00, or that E. J. A. Mertz ever issued for said bank any $1,500.00 time-deposit certificate, or any other sum. * * *

"Defendants also pleaded the note to be the personal liability of E. J. A. Mertz and John Machac, and that Mrs. Morgenroth had collected from them a part thereof.

"Defendants also entered a plea of innocent purchasers.

"The case was called on its merits on June 2, 1932, and tried to a jury, and at the close of plaintiffs' testimony, the court at the request of defendant instructed a verdict for the defendant, and that judgment was entered upon the jury's verdict."

The quoted statement has been taken from appellants' brief.

While there is serious question as to their right to have several of their assignments considered, on their appeal from the judgment so rendered below, it is determined that they have altogether presented enough to raise here the question as to whether or not the court erred in taking the cause from the jury.

These counter propositions appearing in the brief of the appellee, supported, as they are found to be by the evidence received and by what is conceived to be the law, present considerations requiring an affirmance of the learned trial judge's action:

"(1) The testimony was not sufficient to go to the jury, for the reason that if it be granted that plaintiff Mrs. Morgenroth did receive pink time-deposit certificates from Mertz, cashier of Farmers & Merchants State Bank of Yoakum, Texas, every time she called at the bank, except in the early part of 1931, it is certain that she received only a promissory-note, signed by E. J. A. Mertz and John Machac, as individuals only, when she went to the bank the last time,. and that it represented community property, and that her acceptance was done with the approval of her husband.

"(2) The evidence was such that the court properly instructed the jury to return a verdict for the defendant, for the reason that if it be granted that the plaintiff—appellant—

460

Mrs. Morgenroth, did receive from E. J. A. Mertz one or more time-deposit certificates, such certificates were not the act of Farmers & Merchants State Bank of Yoakum, Texas, but were the act and obligation of its cashier, E. J. A. Mertz, who is shown by appellants' pleadings to have been an old personal friend of Mrs. Morgenroth, whose father she had known and who spoke her native-tongue in transactions with her, and who is shown by the evidence to have been doing a money-lending business there in the bank, in competition with the bank, and with interests adverse to those of the bank, and it is shown by the evidence that if such certificates were issued the bank records do not show them, and the bank never did receive the deposits, unless as the individual deposits of Machac & Mertz Investment Company.

"(3) The court properly took the case from the jury and instructed them to render a verdict for the defendant, for the reason that, if appellants ever had a claim against Farmers & Merchants State Bank of Yoakum, Texas, they are shown by the evidence to have accepted in lieu thereof the promissory-note of E. J. A. Mertz and John Machac early in the year 1931, and to have ratified such transaction by later, before the opening of defendant-bank, collecting from E. J. A. Mertz and the widow of John Machac more than half of the amount due on their claim.

"(4) The court did not err in taking the case away from the jury for the reason that if appellants, by reason of any facts in this case, ever had a claim against Farmers & Merchants State Bank of Yoakum, Texas, that bank closed its doors on May 3, 1931, and was placed in the hands of the Banking-Commissioner of Texas, who immediately placed a liquidating-agent in charge, and the appellants knew that the bank was closed, yet filed with said liquidating-agent and made known to said liquidating-agent or to any other known representative of said bank, no claim whatever, but proceeded in attempts, aided by attorney Charles Fertsch, of Hallettsville, Texas, to collect from the makers of the note sued upon, E. J. A. Mertz, and the estate of John Machac.

"(5) The evidence was not sufficient to go to the jury, for the reason that appellant, Mrs. Morgenroth, not only never did receive time-certificates of deposit from Farmers & Merchants State Bank of Yoakum, Texas, but never did think that she did, as is evidenced by the facts that on the witness stand she never would say that she did, and that when said bank closed she exhibited no signs of uneasiness, but waited until the 12th of June, the day when her interest was due, and then applied not to the representatives of the bank, but to a maker of her note, E. J. A. Mertz, for her interest, and proceeded to collect from Mertz and the estate of John Machac about

half the amount due on the note with the assistance of the attorney into whose hands she placed the note for purposes of collection against E. J. A. Mertz and the estate of John Machac and not as against the closed bank, and only after the appellee-bank opened up on July 6, 1931, and announced to the world that it would pay in full the debts of the Farmers & Merchants State Bank of Yoakum, Texas, did she conceive the idea that she had a claim against the appellee-bank.

"(6) It being the undisputed evidence that no notice of any claim on the part of appellants against the appellee-bank was ever given to appellee bank before the filing of this suit, the court did not err in instructing the verdict for the defendant-appellee.

"(7) The facts being undisputed that if appellants ever had a claim against Farmers & Merchants State Bank of Yoakum, Texas, they gave it up in exchange for the note of E. J. A. Mertz and John Machac, and then, when said bank closed, gave its liquidating-agent no notice of any claim against it, but on the contrary, at a later date, when their interest fell due, applied to Mertz and Machac only for payment, thereby ratifying the acceptance of the note in lieu of their claim, and permitted the defendant-appellee-bank to assume all the debts of the Farmers & Merchants State Bank without notifying it of their claim, thereby estopping themselves to prosecute this suit against appellee bank—all of said facts being undisputed, from which only one reasonable conclusion can be drawn, the decision of the case was for the court and not for the jury.

"(8) The evidence showing without dispute that appellee-bank assumed all the debts of Farmers & Merchants State Bank of Yoakum, Texas, in exchange for the purchase of its assets, but that it had no notice of appellants' claim before the filing of this suit, appellee is in the position of an innocent purchaser of the assets of said bank as to the claim of appellants, and hence it was not an error of the court to instruct the verdict for the appellee-bank.

"(9) It was not required that the appellee deny under oath the execution of the instrument sued upon by the Farmers & Merchants State Bank of Yoakum, Texas, or by the authority of said Farmers & Merchants State Bank of Yoakum, Texas; subdivision 8 of article 2010, R. C. S., provides for such sworn denial only when such written instrument is charged to have been executed by the defendant, or by its authority. There is nothing in the pleadings charging that the instruments sued upon were executed by the defendant—appellee—or by its authority.

"(10) The trial court did not err in finding that appellant Mrs. Morgenroth accepted, every time she went to the bank, the promissory-note of E. J. A. Mertz and John Machac.

The appellants' testimony that she ever received time-certificates of deposit was in no instance positive, and her evidence is undisputed that early in 1931 she knowingly accepted, and her husband, the manager of the community-estate, approved her accepting, the promissory-note of E. J. A. Mertz and John Machac. The court was justified in presuming that Mrs. Morgenroth and her husband would not have accepted the note of Mertz and Machac in lieu of a valid claim against a bank in full operation. The court knew also that she had testified that when the Farmers & Merchants State Bank of Yoakum, Texas, closed, she presented no claim, and that the first time she looked at her note after accepting it was when her interest fell due on June 12, 1931, and she rang E. J. A. Mertz and asked for her interest.

"(11) The court did not err in finding that appellant Mrs. Morgenroth was at all times mentioned able to read and converse in the English language and was able to read the notes received by her from Machac and Mertz, etc. She did read before the court and before the jury the note sued upon and the credits on the back of it, as well as other notes offered her for reading.

"(12) The trial court did not err in finding as a fact that soon after the closing of the bank, plaintiff Mrs. E. K. Morgenroth placed the note in controversy in the hands of Honorable Charles Fertsch, an attorney of Hallettsville, Texas, for collection, with instructions to collect from the makers thereof, for the reason that Mrs. Morgenroth herself testified that she placed the note in the hands of Mr. Fertsch for collection, and Mr. Fertsch testified without contradiction that she and her husband placed it in his hands for collection from E. J. A. Mertz and the estate of John Machac."

The court below filed like conclusions of both fact and law, which, not being shown to lack support in any material particular, are thus adopted as further upholding this decision:

"Findings of Facts.

"1. On or about December 12, 1927, plaintiff, Mrs. E. K. Morgenroth, went to Farmers and Merchants State Bank, Yoakum, Texas, with about $1,500.00 intending to deposit it on time-deposit and receive a time-deposit certificate. Instead of depositing this sum in said bank, she accepted therefor a promissory note, payable to her order, signed by John Machac, active Vice President of said Bank and E. J. A. Mertz, cashier of said Bank. The note was due in 90 days and bore 6% interest. Every three months she would go to the bank and draw her interest on the note, and receive a renewal note. She took additional sums of money to said bank from time to time, on the due dates of said notes, receiving renewal notes signed by the same makers for corresponding larger sums, thus increasing the amount of the loan till it reached the sum of $2,100.00.

"2. Plaintiff, Mrs. E. K. Morgenroth, was at all times mentioned able to read and converse in the English language, and was able to read the notes received by her from Machac and Mertz, and to comprehend from reading such notes that they were promissory notes of said Machac and Mertz and not time-deposit certificates of Farmers & Merchants State Bank, Yoakum, Texas.

"3. On or about the 12th day of March, 1931, the said John Machac then being dead, the said E. J. A. Mertz delivered to the plaintiff, Mrs. E. K. Morgenroth, a promissory note, of date January 12, 1931, signed by John Machac and E. J. A. Mertz payable to the order of plaintiff, Mrs. E. K. Morgenroth, in the sum of $2,100.00; said plaintiff knew that the said John Machac had died between the date of said note and the date of its delivery, but she accepted it after inspecting it and asking some questions in conversation with said E. J. A. Mertz, as to the genuineness of the signature of said John Machac.

"4. Said Farmers and Merchants State Bank, Yoakum, Texas, closed its doors and went into the hands of James Shaw, Banking Commissioner, for liquidation on May 7, 1931.

"5. Soon after the closing of said bank, plaintiff, Mrs. E. K. Morgenroth placed the note that she received from Machac and Mertz on March 12, 1931, in the hands of Honorable Charles Fertsch, an attorney of Hallettsville, Texas, for collection, with instructions to collect the same from the makers thereof, and during the month of June, 1931, E. J. A. Mertz and the widow of said John Machac paid to the plaintiff, Mrs. E. K. Morgenroth, various sums which were credited on the back of said note and accepted by her, amounting in all to $1,175, the said Mrs. Machac paying $500.00 by check and $200.00 by a transfer of stock in a corporation, and the said Mertz making one payment for $300.00 and another for $75.00.

"6. On July 6, 1931, defendant First State Bank, Yoakum, Texas, opened for business at Yoakum, Texas, having purchased from James Shaw, Banking Commissioner of Texas, all the assets of said Farmers and Merchants State Bank, Yoakum, Texas, and having assumed all lawful obligations and debts of said Farmers and Merchants State Bank, Yoakum, Texas. Neither the said Mrs. E. K. Morgenroth, nor her husband, E. K. Morgenroth, ever presented any claim against the Farmers and Merchants State Bank of Yoakum, Texas, to its officers or agents, nor to the said Banking Commissioner, while said bank was in the hands of said commissioner, and neither of said plaintiffs ever presented a claim to the defendant, First State Bank, Yoakum, Texas, until this suit was filed.

462

"7. The funds represented by said notes were community funds of the plaintiffs.

"8. Defendant First State Bank, Yoakum, Texas, had no notice or knowledge of the claims on which this suit is based until this suit was filed.

"Conclusions of Law.

"1. If the plaintiffs ever had any claims or demand against Farmers and Merchants State Bank, Yoakum, Texas, by reason of the transaction above mentioned, they waived it by knowingly accepting the note of John Machac and E. J. A. Mertz on or about March 12, 1931.

"2. If plaintiffs accepted said note on March 12, 1931, by any mistake of fact, they knowingly ratified the transaction by placing it for collection in the hands of Charles Fertsch, Attorney of Hallettsville, Texas, against the makers of said note, and accepting and crediting on said note the above mentioned payments.

"3. If plaintiffs ever had a debt or claim against defendant First State Bank, Yoakum, Texas, they waived it and are now estopped to claim it by their acceptance of said note of E. J. A. Mertz and John Machac and collecting a large sum of money from the makers and crediting the same thereon.

"J. P. Pool,
"Judge of the District Court,
De Witt County, Texas."

Since the note sued upon was signed only by Mertz and Machac as individuals, under the further facts so found in relation to it, Mrs Morgenroth is properly held to have elected to look to them alone. Wittbecker v. Walters, 69 Tex. 470, 6 S. W. 788; McKinney et al. v. Matthews (Tex. Sup.) 6 S. W. 793; City of San Antonio v. Grandjean et al., 91 Tex. 430, 41 S. W. 477, 44 S. W. 476.

Neither the appellee bank, nor its predecessor in assets, having received any benefits from this transaction on the part of the two individual signers of the note, the circumstances give rise to the presumption that it was all adverse to their interests as money lending institutions. Porter et al. v. Sullivan et al. (Tex. Civ. App.) 19 S.W.(2d) 372.

Having accepted the note in the condition shown, collected the payments from the individual makers, presented no claim to the closed bank, and not having notified the appellee except by suing it thereon, appellants were precluded from a recovery against the latter. Ross v. Isaacs (Tex. Civ. App.) 54 S.W.(2d) 182; Spradley v. Hall (Tex. Civ. App.) 54 S.W.(2d) 1054; Garrett v. Mobile Life Insurance Co., 1 White & W. Civ. Cas. Ct. App. § 937; Walsh v. Methodist Episcopal Church South (Tex. Civ. App.) 173 S. W. 241; Moran v. Wheeler, 87 Tex. 179, 184, 27 S. W. 54; Becker v. American National Bank (Tex. Civ. App.) 286 S. W. 889, 893.

There was no evidence sufficient to raise an issue of fraud, either against its predecessor in title, or against the appellee, as to actual proof of which the burden was on appellants; hence there was nothing for the jury upon that as a theory. Indeed, if any such a claim had ever been available at all, even against the individual makers of the note, having so accepted it as their personal obligation only and received payments thereon after full knowledge of all they had done in connection with its execution and delivery, the transaction was thereby ratified as such with no left over action for fraud, even against such makers. 22 C. J. 22, 23; Cattlemen's Trust Co. v. Pruett (Tex. Civ. App.) 184 S. W. 716, 720; 12 R. C. L. 413; 20 Texas Jurisprudence, 106, 109 and 111.

These conclusions so requiring, the affirmance has been entered.

Affirmed.